UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BROTHERS MARKET, LLC, et al., ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:20-cv-01174-SEP |
| ) | |
| CITY OF ST. LOUIS, et al., ) | |
| ) | |
|     Defendants. ) | |

### MEMORANDUM AND ORDER

    Before the Court is a Motion to Dismiss filed by Defendants City of St. Louis and Mary Hart Burton.  Doc. [11].  The Motion was filed October 30, 2020.  On February 2, 2021, the Court ordered Plaintiffs to file a response to the Motion within 21 days of that Order.  Doc. [13].  The Court also ordered that Plaintiff Brothers Market, LLC, retain counsel within 21 days.  Twenty-one days passed, and no response or entry of appearance was filed.  The matter is ripe for disposition.  For the reasons set forth below, the Motion is granted.

**I.     BACKGROUND**

    Plaintiffs Brothers Market, LLC, and Samer Marar filed this case on August 28, 2020.  They filed two complaints:  the first on a Court-provided form, Doc. [1], and the second as an attachment entitled "Complaint for Damages", Doc. [1-1].  Because Plaintiff Marar is pro se, the Court will construe those two documents as a single complaint.  *See Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) ("[I]f the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.").  Together, they allege the following facts.

    Plaintiff Marar, a Palestinian Muslim, applied for permits and passed various inspections necessary to launch a small grocery store.  Doc. [1] at 5.  Marar operated the store for two weeks before a City inspector condemned the building, boarded the windows, and prohibited Marar from entering.  Doc. [1] at 5; Doc. [1-1] at 3.  At some point thereafter, the building was burglarized, causing thousands of dollars in damage.  Doc. [1] at 5; Doc. [1-1] at 3.  Meanwhile,

similarly situated businesses owned and operated by people who are not Palestinian Muslims continue to operate.  Doc. [1-1] at 3.  Plaintiffs contacted Defendant Burton, an employee in the St. Louis zoning office, to discuss the condemnation.  Doc. [1-1] at 4.  Burton "changed the mailing address of a document which had allegedly been forwarded to Plaintiffs" so that the documents would be mailed to the wrong address.  Doc. [1-1] at 4.  Burton took such action hoping that it would allow "others of different national origin and religion" to take over the property.  Doc. [1-1] at 4.

The Complaint asserts three claims:  that Defendants violated 42 U.S.C. § 1983; that Defendants conspired to violate 42 U.S.C. § 1985; and that Defendants have been unjustly enriched.

## II.     LEGAL STANDARD

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint.  When considering a Rule 12(b)(6) motion, a court assumes the factual allegations of a complaint are true and construes them in favor of the plaintiff.  *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).  All reasonable inferences are made in favor of the nonmoving party.  *Tholen v. Assist Am., Inc.*, 970 F.3d 979, 982 (8th Cir. 2020) (citing *McDonough v. Anoka Cnty.*, 799 F.3d 931, 945 (8th Cir. 2015)).  To state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

## III.    DISCUSSION

Two issues confront the Court:  whether Brothers Market may remain a party to this litigation and whether the Complaint states a claim upon which relief can be granted.

### 1.  Brothers Market, LLC, is dismissed from this action because it does not appear through licensed counsel.

No entry of appearance has been filed on behalf of Brothers Market, LLC.  "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."  *Rowland v. California Men's Colony*, 506 U.S. 194, 201 (1993).  Without representation, Brothers Market must be dismissed.  The Court ordered Brothers Market

to retain an attorney for this matter.  Doc. [13].  Brothers Market failed to comply.  Therefore, Brothers Market will be dismissed from this action.

   **2.  The Complaint is dismissed for failure to state a claim upon which relief can be granted.**

The Complaint brings claims against the City of St. Louis and an employee, Mary Hart Burton, in her official capacity.  "A suit against a government officer in [her] official capacity is functionally equivalent to a suit against the employing governmental entity."  *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).  Because the claims against Defendant Burton in her official capacity are redundant of the claims against the City, they will be dismissed.

Plaintiff Marar's first cause of action is for a violation of 42 U.S.C. § 1981.  Because Marar brings the claim against a state actor, "the claim must be asserted through § 1983."  *Jones v. McNeese*, 746 F.3d 887, 896 (8th Cir. 2014) (citing *Artis v. Francis Howell N. Band Booster Ass'n Inc.*, 161 F.3d 1178, 1181 (8th Cir. 1998)).  "To establish municipal liability under § 1983, a plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity."  *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citing *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 690-92 (1978)).

The Complaint contains no factual allegations to support the existence of an official custom, policy, or practice of discriminating against Palestinian Muslims.  The Complaint does state that "[s]imilarly situated business that are not owned and operated in the area by Palestinian Muslims have not been mistreated in the way" Marar has.  Doc. [1-1] at 3.  But that statement is nothing more than a conclusion, and it is insufficient to support the existence of an official custom, policy, or practice.  *Twombly*, 550 U.S. at 555.  Therefore, Marar's first count will be dismissed.

Marar's second count alleges a conspiracy between the City and Burton to violate 42 U.S.C. § 1985.  Doc. [1-1] at 7-8.  To state a conspiracy under § 1985, the complaint must allege that "two or more persons . . . conspire."  Under the intracorporate conspiracy doctrine, "a local government entity cannot conspire with itself through its agents acting within the scope of their employment."  *L.L. Nelson Enters., Inc. v. County of St. Louis*, 673 F.3d 799, 812 (8th Cir. 2012) (citing *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1156 (8th Cir. 1983)).  Because the

3

conspiracy claim here is against a local government and its agent, no conspiracy has been alleged, and the claim will be dismissed.

The last count avers that Defendants have been unjustly enriched.  Under Missouri law, to state an unjust enrichment claim against Defendants, Marar must show that (1) he conferred a benefit on Defendants; (2) Defendants appreciated the benefit; and (3) Defendants accepted and retained the benefit under inequitable and/or unjust circumstances.  *Hargis v. JLB Corp.*, 357 S.W.3d 574, 586 (Mo. banc. 2011) (citation omitted).

Here, the only benefit Plaintiff might plausibly have conferred upon Defendants is the money he paid in permit fees.  Doc. [1-1] at 8.  But Marar indicates that the City issued the permits and licenses for which it accepted fees.  *Id.*  The Complaint does not provide any insight into how retaining permit fees after issuing the associated permits could be considered "inequitable and/or unjust" under the circumstances.  *Hargis*, 357 S.W.3d at 586.  As a result, the third count will be dismissed.

**IV.    CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Brothers Market, LLC, is **DISMISSED** for failure to appear through a licensed attorney.

**IT IS FURTHER ORDERED** that the Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 1st day of March, 2021.

*Sarah E. Pitlyk*

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

4